**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

MARTA M. PEREZ RANDON,

    Plaintiff,
v.

PHARMA TOPCARE, INC.,
a Florida for Profit Corporation d/b/a BTV PHARMACY,
and BASEL A. ASALI, individually,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, MARTA M. PEREZ RANDON ("Plaintiff"), by and through the undersigned attorney, hereby sues Defendants, PHARMA TOPCARE, INC., d/b/a BTV PHARMACY ("BTV" or the "Company"), a Florida for Profit Corporation, and BASEL A. ASALI ("Asali"), individually (collectively, "Defendants"), and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to 29 U.S.C. § 201 *et seq*. ("Fair Labor Standards Act," "FLSA," or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337, and 1343.

3. Venue is proper in the United States District Court for the Southern District of Florida because: (a) Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in Miami-Dade County;

1

(b) the acts that gave rise to Plaintiff's claims occurred within the Southern District of Florida; and (c) Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise *sui juris*.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants from approximately 2017 until on or about September 26, 2022, as a delivery driver. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. BTV is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. BTV has its principal place of business in Miami, Florida, and BTV had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida and is subject to the laws of the United States and the State of Florida.

7. BTV is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, BTV is a pharmacy primarily engaged in the storing, dispensing, selling, and transporting of retail pharmaceutical products.

9. At all times material to this Complaint, BTV has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce, such as the pharmaceutical products, computers, and other office supplies or materials used and sold by BTV.

10. BTV, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant, Asali, is the owner and/or manager, and exercised operational control over the activities of corporate Defendant, BTV.

12. Defendant, Asali, acted directly in the interest of his company, BTV. Upon all available information, Asali, controlled the manner in which Plaintiff performed her work and the pay she was to receive.

13. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Plaintiff began working for Defendants' facility at 1495 NW 54 Street, Miami, FL 33142, approximately in 2017, through on or about September 26, 2022, as a delivery driver. Her primary duties included transporting BTV's pharmaceutical products and making scheduled, local deliveries.

17. From the beginning of her employment until on or about early March 2022, Plaintiff was paid an hourly rate of $12.00/hour. After March 2022, Plaintiff was then raised to an hourly rate of $14.00/hour, and she was compensated at that rate until the end of her employment. Plaintiff was compensated biweekly by direct deposit.

18. Based upon the records available to Plaintiff, Defendants' workweek was from Wednesdays through Tuesdays.

19. Plaintiff and Defendants agreed that Plaintiff would work from Mondays through Fridays, from 9:00 AM to 5:00 PM, with one hour lunch break. However, Defendants required Plaintiff to work more hours than her original schedule without providing additional compensation.

20. As a result, Plaintiff estimates that during the course of her employment she regularly worked at least nine (9) to twelve (12) hours per day, at least five (5) days a week – Mondays through Fridays – for every workweek.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in each workweek.

22. Furthermore, Defendants routinely made improper deductions from Plaintiff's wages. Defendants would automatically deduct time for lunch/breaks per day from Plaintiff's wages, regardless of whether Plaintiff actually took lunch/breaks.

23. As a result of these deductions, there were times when Defendants failed to issue payment of the required minimum hourly wage for some of the hours worked by Plaintiff.

24. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

26. On several occasions, Plaintiff complained to Asali regarding not being properly compensated for all hours worked. Furthermore, Plaintiff complained and requested that Defendants stop making improper deductions from her paycheck. Plaintiff's complaints were never addressed by Defendants.

27. On or about September 19, 2023, Plaintiff again complained to Asali about the improper pay.

28. On or about September 26, 2022, without any prior notice or warnings, Plaintiff was terminated by Defendants effective immediately.

29. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to her reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/MINIMUM WAGES
## AGAINST DEFENDANT, BTV

31. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

32. This action is brought by Plaintiff to recover from BTV unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and 29 U.S.C. § 206. At all times during her employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked, and she was entitled to receive those minimum hourly wages no later than the regularly established pay day.

33. BTV has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due for some of the hours she worked as alleged above.

34. BTV knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods, and accordingly, remains owing Plaintiff liquidated damages based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year (3-year) period preceding this lawsuit.

35. By reason of the intentional, willful, and unlawful acts of BTV, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

37. BTV never posted any notice, as required by the FLSA and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

38. As a result of BTV's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from BTV.

WHEREFORE, Plaintiff respectfully prays for the following relief against BTV:

A. Adjudge and decree that Defendant, BTV, has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II – VIOLATION OF FLSA/MINIMUM WAGES
## AGAINST DEFENDANT, ASALI

40. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

41. At all times material hereto, Defendant, Asali, was, and is now, a corporate officer of the corporate Defendant, BTV. Specifically, Asali is the President and Owner of BTV.

42. Asali was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that Asali acted directly in the interests of BTV in relation to its employees, including Plaintiff.

43. Specifically, Asali supervised Plaintiff, determined company payroll decisions, scheduled Plaintiff's delivery routes and hours, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

44. Asali had operational control of the business and is thus jointly liable for Plaintiff's damages.

45. Asali willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. By reason of the said intentional, willful and unlawful acts of Asali, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of Asali's willful violations of the Act, Plaintiff is entitled to liquidated damages.

   WHEREFORE, Plaintiff respectfully prays for the following relief against Asali:

   A. Adjudge and decree that Defendant, Asali, has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

   C. Award Plaintiff an equal amount in liquidated damages;

   D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III – VIOLATION OF FLSA/OVERTIME
## AGAINST DEFENDANT, BTV

48. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

49. This action is brought by Plaintiff to recover from BTV unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

50. Since the commencement of Plaintiff's employment, BTV has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one and one-half times their regular rate.

51. Specifically, throughout her employment, Plaintiff worked over forty (40) hours during some of the workweeks in which she was employed.

52. Defendant, BTV, is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). BTV's business activities involve those to which the Fair Labor Standards Act applies.

53. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as transporting BTV's pharmaceutical products and making scheduled, local deliveries, and she did not have decision-making authority. Plaintiff drove the Company's vehicle, a Nissan sedan, which upon information and

8

belief weighs under 10,000 pounds, thus qualifying for the small vehicle exception under the FLSA.

54. BTV has knowingly and willfully failed to pay Plaintiff at one-half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period and at one and one-half of her regular rate of pay for those hours improperly, automatically deducted from Plaintiff's pay.

55. By reason of the intentional, willful, and unlawful acts of BTV, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

56. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

57. As a result of BTV's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

58. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from BTV.

WHEREFORE, Plaintiff respectfully prays for the following relief against BTV:

   F. Adjudge and decree that Defendant, BTV, has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   G. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

   H. Award Plaintiff an equal amount in liquidated damages;

   I. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

   J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV – VIOLATION OF FLSA/OVERTIME
### AGAINST DEFENDANT, ASALI

59. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

60. At all times material hereto, Defendant, Asali, was, and is now, a corporate officer of the corporate Defendant, BTV. Specifically, Asali is the President and Owner of BTV.

61. Asali was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that Asali acted directly in the interests of BTV in relation to its employees, including Plaintiff.

62. Specifically, Asali supervised Plaintiff, determined company payroll decisions, scheduled Plaintiff's delivery routes and hours, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

63. Asali had operational control of the business and is thus jointly liable for Plaintiff's damages.

64. Asali willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

65. By reason of the said intentional, willful and unlawful acts of Asali, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

66. As a result of Asali's willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Asali:

F. Adjudge and decree that Defendant, Asali, has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

H. Award Plaintiff an equal amount in liquidated damages;

    I. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    J. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V – FLSA RETALIATION
### AGAINST DEFENDANT, BTV

67. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

68. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

69. BTV's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

70. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaint for non-payment of her overtime wages.

71. BTV's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against BTV:

    A. Adjudge and decree that Defendant, BTV, has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

    C. Award Plaintiff an equal amount in liquidated damages;

    D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VI – FLSA RETALIATION**
**AGAINST DEFENDANT, ASALI**

72. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

73. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

74. Asali's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

75. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's was Plaintiff's complaint for non-payment of her overtime wages.

76. Asali's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against Asali:

    A. Adjudge and decree that Defendant, Asali, has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly;

    C. Award Plaintiff an equal amount in liquidated damages;

    D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MARTA M. PEREZ RANDON, demands a trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: February 10, 2023.                    Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com